# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>DON EUGENE WHITE,<br><br>        Defendant. | Case No. 2:15-cr-00144-KJD-PAL<br><br>**ORDER** |

Before the Court for consideration are the Report and Recommendations (#33) of Magistrate Judge Peggy A. Leen entered October 9, 2015 recommending that Defendant's Motions to Suppress Evidence (#14) be denied. Objections to Magistrate Judge's Report and Recommendation (#39) were filed by Defendant WHITE pursuant to Local Rule IB 3-2 of the Local Rules of Practice of the United States District Court of the District of Nevada. The Government filed its response (#49) to Defendant's objections on December 14, 2015 and Defendant filed its Supplemental Objections to the Report and Recommendation (#70) on March 16, 2016 .

The Court has conducted a *de novo* review of the record in this case in accordance with 28 U.S.C. § 636(b)(1) and LR IB 3-2. The Court determines that the Report and Recommendations (#33) of the United States Magistrate Judge entered October 9, 2015, should be affirmed.

1       Defendant WHITE now claims the Magistrate erred in determining the scent of marijuana
2 gave Officers probable cause to search the vehicle because Defendant held a valid medical marijuana
3 license. (#39 at 9).  Marijuana is legal for medical use in Nevada.  State v. Schwingdorf, No. 60464,
4 60466, 2014 WL 502557 *1 (Nev. 2014) (slip copy).  As such, Defendant claims the scent of
5 marijuana cannot be the basis for probable cause because it does not necessarily suggest illegal
6 activity.  State v. Sisco, 359 P.3d 1, 5 (Ariz. App. 2015).  Defendant White held a valid medical
7 marijuana licence and could legally possess and smoke marijuana.  Thus, because the scent of
8 marijuana could be the result of Defendant's legal exercise of his medical marijuana license, he
9 contends the odor did not grant probable cause to search the vehicle.

10       However, Defendant did not inform the officers that he held a medical marijuana card nor did
11 he claim that his marijuana use was medical in nature.  Further, the strong odor of marijuana in a
12 vehicle does give officers probable cause to search the vehicle to ensure the Defendant was acting in
13 accordance with the terms of the medical marijuana provisions.  United States v. Liu, 2015 WL
14 163006, *5 (E.D. Ca. Jan. 7, 2015).  Moreover, Sisco states the smell of burnt marijuana in public or
15 in an automobile still suggests that a crime has occurred.  State v. Sisco, 359 P.3d 1 at 10.  In light of
16 the totality of the circumstances, the Court determines the police had probable cause to search the
17 vehicle regardless of Defendant's medical marijuana license.

18       Defendant's Supplemental Objections contend the officers illegally arrested him before
19 receiving the Dangerous Offender Notification System (DONS) notice.  In support, Defendant
20 compares the time stamps from the Walgreen's security footage (20:59:55) with the officer's dash
21 computer (21:01:26). However, the difference in the two time stamps is not determinative that the
22 officers did not have knowledge of the warrant from their previous inquiry.  There is no evidence of
23 the difference between the time on the officer's dash computer and the Walgreen's security camera.
24 There is no reason to assume the two clocks are in sync.  Therefore, Defendant has not shown that
25 the Magistrate Judge's factual determination was clearly erroneous.
26

IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation (#33) entered October 9, 2015, is **ADOPTED**, and Defendant's Motion to Suppress (#14) is **DENIED**.

DATED this 25th day of May 2016.

_____
Kent J. Dawson
United States District Judge